IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GENE DUDLEY and LOLA R. DUDLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ASPEN REALTY, INC., | ) ) |
| Defendant. | ) ) |
| ROBERT AND RENAE BAFUS, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ASPEN REALTY, INC., | ) ) |
| Defendant. | ) ) |

Case No. CV-06-189-S-BLW

**MEMORANDUM DECISION AND ORDER**

Case No. CV-04-121-S-BLW

## INTRODUCTION

Pending before this Court are four actions by four separate plaintiffs against four separate realty companies – case nos. CV-04-121-S-BLW, CV-06-59-S-BLW, CV-06-60-S-BLW, and CV-06-61-S-BLW. In earlier decisions, the Court dismissed certain RESPA and ICPA claims in those cases based on the applicable

**Memorandum Decision and Order - 1**

statute of limitations. Counsel for plaintiffs, who represent all plaintiffs in all cases, then filed two new actions against two of the original defendants (Aspen Realty and Park Pointe Realty) on behalf of additional plaintiffs whose RESPA and ICPA claims counsel presumed would not be dismissed pursuant to the applicable statute of limitations. The two new cases were case no. CV-06-216-S-BLW and this case, case no. CV-06-189-S-BLW.

Thereafter, the Court consolidated case no. CV-06-216-S-BLW with case no. CV-06-61-S-BLW based on a stipulation of the parties in those two cases. After trying to reach a similar agreement for consolidating this case with case no. CV-04-121-S-BLW, the parties informed the Court that they could not reach such an agreement. The pending Motion to Consolidate (Docket No. 15) followed.

The Court has determined that oral argument would not benefit the Court in making its decision on the Motion to Consolidate. Therefore, the Court will vacate the hearing scheduled for the motion and decide the motion based on the briefs submitted by the parties.

## ANALYSIS

When separate actions involving a common question of law or fact are pending before the court, the court may order a joint hearing, trial or other matters at issue in the actions. See F.R.C.P. 42(a). Moreover, the court may order all the

**Memorandum Decision and Order - 2**

actions consolidated, and it may make any order which tends to avoid unnecessary costs or delay.  Id.  The district court has broad discretion under this rule to consolidate cases pending in the same district.  See *Investors Research Co. v. U.S. Dist. Court for Central Dist. Of CA., 877 F.2d 777 (9th Cir. 1989)*.

The Dudleys contend that their case should be consolidated with case no. CV-04-121-S-BLW (the "Bafus" case).  The Dudleys argue that both cases are against the same defendant, Aspen Realty, and that both cases involve common questions of law – namely questions related to alleged anti-trust violations by Aspen Realty.  The Dudleys acknowledge that their case also includes claims for alleged RESPA and ICPA violations, but they point out that similar consolidated cases have progressed before this Court without difficulty.

Aspen Realty contends that the Dudleys' claims do not fall within the class definition outlined in the Bafus matter, and therefore the Court should not consolidate their case with the Bafus case.

The Court finds that this motion to consolidate is not the proper avenue for determining whether the Dudleys' claims fall within the class definition.  In fact, at the summary judgment stage, the Court expects to hear similar arguments made by Aspen as to the claims asserted in the Bafus case.  Suffice it to say that the question of whether the Dudleys' claims fall within the class definition is a question which

**Memorandum Decision and Order - 3**

is inextricably intertwined with the merits of the Dudleys' claims: (1) whether they bought an undeveloped lot in a subdivision in the Boise, Idaho greater metropolitan area in which the defendant has or had the exclusive right to market or sell the subdivision lots on behalf of the developer; (2) whether they were required to build a house on the lot in order to buy the lot; and (3) whether they were required to pay the defendant a commission based on the cost of the lot plus the actual or estimated cost of the house in order to buy the lot.  Because these substantive issues are intertwined with whether the Dudley's claims fall within the class definition, the Court finds that consolidating the two matters would tend to avoid unnecessary costs or delay to both the parties and the Court.  The Court will therefore grant the motion to consolidate.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Consolidate (Docket No. 15) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that case no. CV-06-189-S-BLW shall be consolidated with case no. CV-04-121-S-BLW.  The newly consolidated action shall be styled: *Bafus/Dudley v. Aspen Realty, Inc., dba Coldwell Banker Aspen Realty, et al.*, case no. CV-04-121-S-BLW.

IT IS FURTHER ORDERED that the telephonic hearing scheduled for

**Memorandum Decision and Order - 4**

Monday, August 6, 2007 at 1:00 p.m. shall be, and the same is hereby, VACATED.

IT IS FURTHER ORDERED that the Clerk of the Court file this Order in both case no. CV-04-121-S-BLW and case no. CV-06-189-S-BLW.  Additionally, the lead case shall be CV-04-121-S-BLW, and all filings shall be made in this case only.



DATED:  **August 1, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**